UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

UNITED STATES OF AMERICA

      -v-

JOSHUA GUMORA,

                   Defendant.

-------------------------------------------------------------------X

20-CR-144 (VSB)

ORDER

**VERNON S. BRODERICK, United States District Judge:**

On March 24, 2020, Defendant Joshua Gumora ("Defendant" or "Gumora") filed a motion seeking an order directing his pretrial release on his own recognizance, or, in the alternative, for a detention hearing. I am also in receipt of Defendant's supplemental letter dated that same day, the Government's letter in opposition dated March 25, 2020, and Defendant's letter of March 30, 2020, requesting to be heard by telephone on the motion pursuant to the CARES Act. On April 2, 2020, I issued an Order denying Defendant's motion to be released on his own recognizance, requesting to be informed whether or not Defendant would waive his presence at a detention hearing, directing the parties to meet and confer concerning their availability for a detention hearing, and to provide such dates to the Court by April 3, 2020. By letter dated April 2, 2020, Defendant waived his appearance and provided dates the parties were available for the detention hearing. By endorsement of Defendant's April 2, 2020, the detention hearing was scheduled for April 6, 2020, at 2 p.m. It is hereby

ORDERED that the parties should be prepared to address/answer the following issues/questions during the detention hearing.

1. Do the parties agree that this is a case where the Section 3142 presumption applies?

2. What is Defendant's Sentencing Guideline's range based upon the current charges?

3. How many criminal history points does Defendant have based upon his RAP sheet?

4. Defendant's RAP sheet indicates a number of arrests for "Domestic Incidents".

   a. What was the nature of each of these Domestic Incidents?

   b. Who were the parties involved in these Domestic Incidents?

   c. Did Defendant threaten anyone in connection with any of these Domestic Incidents?

5. How many orders of protection have been issued against Defendant?

   a. With regard to those orders of protection, how many times has Defendant been convicted of violating orders of protection?

   b. With regard to each time Defendant was arrested for, among other things, violating an order of protection, how many times did he plead guilty to another crime in satisfaction of the charges related to violating an order of protection?

6. Defendant has a number of arrests related to possession of forged instruments, identity theft, and/or forgery.

   a. How many convictions does Defendant have for possession of a forged instrument, and/or identity theft, and/or forgery?

   b. How many convictions stemmed from arrests for possession of a forged instrument, and/or identity theft, and/or forgery?

7. Does the Government intend to supersede the current indictment?  If so, what

additional charge(s) could be included in the future superseding indictment?

8. What facts can Defendant identify that he does not pose a danger to the community and/or a risk of flight?

9. What facts can the Government identify that Defendant Gumora poses a danger to the community and/or a risk of flight

10. Prior to his arrest did Defendant have a legitimate job?

    a. If so, what was that job?

    b. How long had Defendant been employed?

11. At the time of Defendant Gumora's arrest on July 5, 2019, where did he live?

    a. How long had he lived at this location?

    b. With whom did he live?

12. Does either party have documentation of Defendant Gumora's health issues?

13. Defendant Gumora indicates that he is going to live in the apartment of the mother of his seven-year-old son ("Son"). Please be prepared to answer the following questions related to this living arrangement.

    a. Does the mother of Defendant Gumora's Son work?

    b. Besides Defendant's Son and the mother of his Son, how many people currently live in the apartment? Have those people consented to Defendant living in the apartment?

    c. How pays the rent on the apartment?

    d. Is some of the rent for this apartment covered by government funds and/or is assistance of some sort provided to individuals who live in the apartment to pay the rent?

e. Has Defendant Gumora ever lived with the mother of his Son? If so, how long ago did he live with her and for how long?

f. Is there any documentation that the mother of Defendant's Son consents to Defendant living with her?

g. Has the mother of Defendant's son ever sought an order of protection because of Defendant's actions?

h. Has the mother of Defendant's son ever contact law enforcement authorities to report a domestic incident involving Defendant Gumora?

14. Has Defendant Gumora ever paid child support for his Son?

15. Does Defendant Gumora have other children?

a. If so, how many and how old are those children?

b. Has Defendant Gumora paid child support for his other children?

16. Will Defendant have a legitimate source of income if he is temporarily released? If so, what is that source of income?


SO ORDERED.

Dated:    April 6, 2020
          New York, New York

Vernon S. Broderick
United States District Judge

4